### In the Matter of Lloyd B. FISHER.

### No. 45S00–9701–DI–006.

Supreme Court of Indiana.

March 4, 1998.

Thomas Anthony Durkin, Chicago, for Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

The respondent, Lloyd B. Fisher, and the Disciplinary Commission have submitted for our approval a *Statement of Circumstances and Conditional Agreement for Discipline* wherein they agree that the respondent violated the *Rules of Professional Conduct for Attorneys at Law* by virtue of his federal criminal convictions of money laundering. In final resolution of this action, we accept the tendered agreement and impose sanction in accordance therewith. The facts and circumstances of this case are more fully set forth herein.

The respondent was admitted to the bar of this state in 1974 and, during all relevant times, was engaged in the practice of law in Gary, Indiana. This Court suspended him *pendente lite* on February 17, 1997, based on his criminal conviction. The parties agree that on November 2, 1994, the respondent was charged by indictment in the United States District Court for the Northern District of Indiana, Hammond Division, with one count of conspiracy to engage in money laundering,[1] one count of engaging in monetary transactions in property derived from unlawful activity,[2] and three counts of laundering monetary instruments.[3] On November 8, 1995, after trial by jury, the respondent was found guilty of all counts.[4] On December 11, 1996, the Honorable James T. Moody, Judge of the United States District Court for the Northern District of Indiana, entered a judgment of conviction against the respondent of all charges, each a felony. The respondent was sentenced to an 18–month term of imprisonment on each of the five counts, the sentences to run concurrently. After release, the respondent was placed on supervised release for two years.

1. 18 U.S.C. Section 371

2. 18 U.S.C. Section 1957

3. 18 U.S.C. Section 1956(a)(1)(B)(I)

4. The events underlying the respondent's conviction are as follow: The respondent was approached by a real estate agent to assist in the purchase of a residence on behalf of an individual who was involved in drug trafficking and who desired to purchase the residence with proceeds from the sale of narcotics. The respondent was informed that some of the funds might have been "a little illegal." The respondent accepted funds from the real estate agent on behalf of the individual and placed the funds in a trust account in preparation for the purchase of the residence in his (the respondent's) name. When the individual's indictment on drug charges became imminent, the respondent made arrangements to funnel the money back to him.

We now find that the respondent violated Ind.Professional Conduct Rule 8.4(b) by engaging in criminal acts which reflect adversely on his honesty, trustworthiness and fitness as a lawyer.

In the parties' agreement, it is stipulated that a suspension from the practice of law for a period of three years and six months is appropriate in this instance.[5] After that period, in the event the respondent desires to seek reinstatement to the bar, the parties further stipulate that he be required to petition for reinstatement. Standing alone, with no factors in mitigation, we would be more inclined to conclude that the severity of the respondent's actions and the criminal scienter underlying them call for permanent disbarment from the practice of law. However, our attention is directed to the federal sentencing memorandum of Judge Moody. It indicates that the federal court heard testimony of 14 witnesses relative to its decision to depart from the federal sentencing guidelines applicable to the respondent's criminal acts. The court found that the respondent's case "[fell] squarely within the Guidelines' policy statement on diminished capacity." Specifically, Judge Moody found that the record contained an undisputed, expert opinion that the respondent was suffering from clinical mental disorders (i.e., depression) at the time of his crimes, which significantly reduced his ability to reason and make sound judgments. The respondent's diminished mental state had its genesis in the death of his son and other personal tragedies soon before he committed the criminal acts.

The circumstances recounted in the sentencing memorandum are compelling and they, along with our interest in fostering agreed resolution of attorney disciplinary cases, persuade us to accept the proffered sanction, that being a three and one-half year suspension from the practice of law, instead of permanent disbarment. We note, however, that the severity of the respondent's acts place on him a very strong implication of unfitness and a correspondingly great burden of proof to demonstrate subsequent fitness sufficient for reinstatement, should he ever choose to seek it. See In re Gutman, 599

N.E.2d 604, 608 (Ind.1992). Given the severity of the misconduct and our willingness to impose a suspension instead of disbarment, we conclude further that the suggestion that the period of suspension be retroactive to the date of the respondent's *pendente lite* suspension should be rejected.

It is, therefore, ordered that the respondent, Lloyd B. Fisher, is suspended from the practice of law for a period of three (3) years and six (6) months, effective immediately. At the conclusion of that period, he may petition this Court for reinstatement to the practice of law, provided he can satisfy the requirements of Ind. Admission and Discipline Rule 23(4) and pays the costs of this proceeding.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.

DICKSON, J., dissents, believing disbarment is warranted.

---

**5.** In the *Conditional Agreement,* it is stated that the period of suspension should commence on February 17, 1997. In reviewing the agreement, we view the proffered effective date as a suggestion only, and, as such, subject to this Court's rejection.